Date signed February 01, 2006



**PAUL MANNES**
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                                           :
                                                 :
ON TOP COMMUNICATIONS, LLC,      :          Jointly Administered Under
   et al.                                      :          Case No. 05-27037PM
        Debtors                 :               Chapter 11
- - - - - - - - - - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION

On Top Communications, LLC, et al. ("Debtor") moves for an order of court authorizing post-petition financing on a secured basis pursuant to § 364(d)(1) of the Bankruptcy Code that is secured by a senior lien upon all the assets of Station KNOU (sometimes "Station") in New Orleans, Louisiana.  The motion is opposed by BC Liquidity Fund I, LLC ("BC Liquidity"), the holder of a first priority lien upon all of the assets upon the Station.  The lien is *pari passu* with liens held by a group of creditors known as the Pacesetter Group.  Debtor wishes to borrow up to $125,000.00 from one of the members of the Pacesetter Group.

This motion is governed by § 364(d)(1) of the Bankruptcy Code that provides:

**11 U.S.C. § 364.  Obtaining credit**

> (d)(1) The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if--
> > (A) the trustee is unable to obtain such credit otherwise; and
> > (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

There was no testimony controverting the proffer by Debtor that it is unable to obtain any funds in other fashion.  The Debtor's operation, never profitable, was further crippled by Hurricane Katrina.  The evidence presented was that as the result of mass evacuations from New Orleans, a substantial part of the station's listening audience was dissipated.  Debtor's Schedules show assets of $13,576,083.04 and there are secured claims of more than $8 million in excess of the value of the property.  Debtor also schedules $300,000.00 in priority debt owed to the Internal Revenue Service.  Debtor has not made any interest payments on the secured loans for a period from one to two years prior to the filing of the bankruptcy cases.

Debtor urges that the required adequate protection of the interest of BC Liquidity is provided by benefit of keeping the Station on the air in order to maintain its value for resale.  No additional collateral is to be provided.  It is clear that this not a situation for reorganization of this business but rather for sale of the asset.  This is a Chapter 11 liquidation case.

The court finds this case controlled by the reasoning of the case of *In re Swedeland Development Group, Inc.*, 16 F.3d 522, 556 (CA3 1994).  Granting a priming lien under § 364(d) requires that the creditor that is primed be provided either additional collateral or guarantees.  The projected preservation of the value of the existing collateral by virtue of keeping the station on the air is simply not enough to lay the groundwork for the extraordinary action of priming an existing lien. 3 *Collier on Bankruptcy* § 364.05.  *See also, In re Seth Co.*, 281 B.R. 150, 153 (BC Conn. 2002).  Even where the debtor possesses a substantial equity cushion, a situation not present here, continuing losses such as presented here do not call for the extraordinary relief sought.  *In re Shaw Industries, Inc.*, 300 B.R. 861, 866 (BC W.D. Pa. 2003).

An appropriate order will be entered.


cc:
Kerry Hopkins, Esq., Milles & Stockbridge, 10 Light Street, Baltimore, MD 21202
Valerie Morrison, Esq., Wiley Rein Fielding, 7925 Jones Branch Dr., #6200, McLean VA 22102
Thomas L. Lackey, Esq., 4201 Northview Drive, Suite 407, Bowie, MD 20716
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD  20770

**End of Opinion**